UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SANJAY TRIPATHY,

                                  Plaintiff,                        **ORDER**

    - against -                                                  No. 21-CV-6584 (CS)

ROBERT McCLOSKEY, et al.,

                                  Defendants.
---------------------------------------------------------------x

Seibel, J.

      Pending before the Court is Defendants' motion for summary judgment. (*See* ECF No. 216.) In connection with their motion, Defendants submitted a Local Rule ("LR") 56.1 Statement, which contains 186 paragraphs and is twenty-five pages long, within the limit set by Item 2.C.ii of my Individual Practices. (*See* ECF No. 217.) On March 12, 2024, Plaintiff submitted his response to Defendants' 56.1 Statement. (*See* ECF No. 240 ("P's 56.1 Resp.").)

> Local Rule 56.1 provides that, upon any motion for summary judgment there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue of fact to be tried. Under that rule, a party opposing a motion for summary judgment shall file a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, as well as a statement of facts it contends are in dispute. Further, each statement by the movant or opponent, including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible. If the party opposing summary judgment fails to specifically controvert the moving party's statement of material facts by each numbered paragraph, then the moving party's facts will be deemed to be admitted for purposes of the motion.

*Laufer Grp. Int'l , Ltd. v. Sonder Distrib. USA, LLC*, No. 22-CV-3313, 2023 WL 6317949, at *1 (S.D.N.Y. Sept. 28, 2023) (citing S.D.N.Y. LR 56.1).[1]

Plaintiff's 56.1 Response fails to comply with these requirements in several respects. First, it is 356 pages long – over 14 times longer than Defendants' submission. (*Compare* ECF No. 217, *with* P's 56.1 Resp.)  As such, it "ignores the Rule's requirement that a statement be short and concise." *Hailoo v. Disability RMS*, No. 14-CV-1992, 2015 WL 7575906, at *23 (E.D.N.Y. Nov. 25, 2015); *see Graves v. Deutsche Bank Sec., Inc.*, 548 F. App'x 654, 657 n.2 (2d Cir. 2013) (non-movant "flagrantly violated [LR] 56.1, which requires a short and concise, non-argumentative response" by submitting a "127-page response to [movant's] five-page statement of undisputed facts"); *Collins v. City of N.Y.*, No. 14-CV-08815, 2017 WL 11582468, at *3 (S.D.N.Y. July 10, 2017) (striking plaintiff's 57-page 56.1 response to defendant's 35-page 56.1 statement as not short and concise).

Second, many of Plaintiff's purported denials do not actually controvert the substance of the corresponding paragraphs in Defendants' 56.1 Statement and instead assert that Defendants' asserted fact provides "[i]ncomplete context," (*see, e.g.*, P's 56.1 Resp. ¶¶ 1-6, 8-14), or is presented in a "[m]isleading and [i]ncomplete context," (*see, e.g.*, *id.* ¶¶ 15, 17-21, 23, 36-40). But merely providing additional context does not properly controvert Defendants' statements, *see Stridiron v. Newburgh Enlarged City Sch. Dist.*, No. 20-CV-6823, 2023 WL 5586680, at *1 n.1 (S.D.N.Y. Aug. 29, 2023) ("Plaintiffs' response to Defendants' 56.1 Statement contains several purported denials that do not actually deny or refute the specific facts asserted by Defendants, but instead quibble with Defendants' phraseology or speak past Defendants'

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.  The Court will send Plaintiff copies of any unpublished decisions cited in this Order.

asserted facts without specifically controverting them"), and "[t]here is no provision for a responsive 56.1 Statement to include additional facts that are not in dispute but that a party opposing summary judgment simply thinks are important," *Ostreicher v. Chase Bank USA, N.A.*, No. 19-CV-8175, 2020 WL 6809059, at *1 n.1 (S.D.N.Y. Nov. 19, 2020); *see Ramgoolie v. Ramgoolie*, No. 16-CV-3345, 2018 WL 5619959, at *2 (S.D.N.Y. Aug. 3, 2018) (plaintiff's Rule 56.1 statement was procedurally improper because it "is essentially a recitation of her case in chief" with "many facts [that] . . . are immaterial and do not help the Court in narrowing the issues for trial"), *report and recommendation adopted*, 2018 WL 4266015 (S.D.N.Y. Sept. 6, 2018); *Bellis v. N.Y.C. Dep't of Educ.*, No. 21-CV-3282, 2024 WL 1177232, at *2 (S.D.N.Y. Mar. 19, 2024) ("[Plaintiff] includes unrelated or unsupported arguments that are inappropriate in a Rule 56.1 response, either disputing a fact with no competent evidence to controvert it or acknowledging a fact as undisputed but layering unsupported narrative on top of that acknowledgement.").

Third, many of Plaintiff's lengthy denials are argumentative. Some reflect his opinion by claiming, among other things, that a given fact asserted in Defendants' 56.1 Statement is a "[f]alse statement and a blatant lie," (*see, e.g.*, P's 56.1 Resp. ¶¶ 52, 54, 56-57, 61-69), or "[w]rong, misleading, false in practice," (*see id.* ¶¶ 45-48, 91, 168). Others consist of legal argument, such as claiming that "[d]isputed facts . . . must be decided by a jury," (*see id.* ¶¶ 52, 54, 56-57, 61-69), that the asserted fact "did not comply with Petitioner's core and sincerely held religious beliefs," (*see, e.g.*, *id.* ¶¶ 69-74; *see also id.* ¶¶ 82, 87, 93-100), or that "the Court has found DOCCS/Defendants in violation of RLUIPA," (*see, e.g.*, *id.* ¶¶ 93-98, 103-105, 108, 140), among other things. Such denials are wholly inappropriate in the context of a LR 56.1 Response, which should not contain "legal conclusions or unsubstantiated opinions," and must instead,

3

where a dispute exists, specifically controvert the facts asserted by the movant via material facts supported by admissible evidence. *Ramgoolie*, 2018 WL 5619959, at *1; *see Cotterell v. Gilmore*, 64 F. Supp. 3d 406, 419 (E.D.N.Y. 2014) ("Plaintiff's Counter-statement of Material Facts, apart from the fact that it ignores [LR 56.1's] requirement that a statement be short and concise, is problematic for the simple reason that it is not limited to facts as to which it is contended that no genuine triable issue exists, but is instead rife with opinions, legal arguments, and blatant conjectures that clearly are disputed in this litigation."); *Graves*, 548 F. App'x at 657 n.2 ("[LR] 56.1 . . . requires a short and concise, *non-argumentative* response.") (emphasis added). "[W]hether so intended or not," a 56.1 response including argument is "a manifest evasion of the page limitation on plaintiff's memorandum in opposition to the motion for summary judgment." *Goldstick v. The Hartford, Inc.*, No. 00-CV-8577, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002).

Fourth, Plaintiff's 56.1 Response is largely, if not completely, devoid of specific citations, instead citing to exhibits and deposition transcripts in their entirety with no page numbers or line numbers. (*See, e.g.*, P's 56.1 Resp. ¶¶ 1-10.) Such vague citations defeat the purpose of LR 56.1, which was "instituted, in part, to obviate burdening the courts with the onerous task of hunting through voluminous records for evidence supporting a nonmovant's opposition," *Butler v. Suffolk County*, No. 11-CV-2602, 2023 WL 5096218, at *20 (E.D.N.Y. Aug. 9, 2023), and they do not suffice to specifically controvert the individual statements in Defendants' submission, *see Bryant v. S. Country Cent. Sch. Dist.*, No. 14-CV-5621, 2017 WL 1216553, at *7 (E.D.N.Y. Mar. 31, 2017) ("[T]o specifically controvert a statement of material fact, a nonmovant is required to do so *with specific citation* to admissible evidence.") (emphasis added); *see also Genova v. County of Nassau*, No. 17-CV-4959, 2020 WL 813160, at *4

(E.D.N.Y. Feb. 19, 2020) ("[I]t is not the role of the Court to search the summary judgment record for evidence sup[porting a nonmovant's opposition."); *Brown v. City of New York*, No. 16-CV-1919, 2018 WL 3821620, at *6 (S.D.N.Y. Aug. 10, 2018) (declining to consider paragraphs of 56.1 response that did not include specific record citations).

      In short, the purpose of a LR 56.1 response is simply to advise the Court as to whether the specific fact asserted by the moving party is or is not disputed, and if it is disputed, to provide the Court with the evidence on which the non-moving party relies to dispute that particular fact. It presents no occasion for context, argument, semantic quibbles, opinions or conclusions.

      While the court is mindful of Plaintiff's *pro se* status, he is not "exempt[ed] . . . from compliance with relevant rules of procedural and substantive law," *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 395 (S.D.N.Y. 2014), and he must "inform [himself] regarding procedural rules and . . . comply with them," *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008). Thus, although he is *pro se*, it is his duty to adhere to LR 56.1 and he "cannot simply dump papers on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain." *Emmanuel v. Gap, Inc.*, No. 19-CV-3617, 2022 WL 3084317, at *5 (S.D.N.Y. Aug. 3, 2022); *see Manolis v. Brecher*, No. 11-CV-2750, 2014 WL 642849, at *3 (S.D.N.Y. Feb. 14, 2014) ("[Plaintiff's] status as a *pro se* litigant does not relieve her of the duty of complying with federal and local rules" and "the special solicitude frequently afforded to *pro se* litigants does not excuse [plaintiff's] failure to comply with the requirements of Local Rule 56.1.").

      As a courtesy, the Court will give Plaintiff one more chance to comply with LR 56.1.

      While I recognize that Item 2.C.i of my Individual Practices requires Plaintiff to set forth Defendants' statement and Plaintiff's response below it, such that Plaintiff's response will

necessarily exceed the length of Defendants' 56.1 Statement, ordinarily twice as many pages is more than sufficient. For many of Defendants' statements, nothing more than "Undisputed" would be required or appropriate in response.[2] If Plaintiff disputes Defendants' statement, he would need to state "Disputed," describe in a sentence or two the nature of the dispute, and cite to the specific evidence on which he relies, by setting forth the exhibit number and the page or paragraph number within the exhibit.[3] No argument, legal conclusion or statement of any sort other than a brief factual response may be included. Fifty (50) pages should be more than adequate, and the Court cannot imagine any circumstance in which a response approaching 75 pages would be in compliance with this Order.

Plaintiff is hereby ordered to re-submit an amended LR 56.1 Response – and only a LR 56.1 Response – that: (1) is short and concise; (2) where Plaintiff disputes Defendants' statements, properly does so using short, concise statements of material fact which are supported by admissible evidence; (3) omits inappropriate responses which are argumentative, quibble with Defendants' phraseology, or otherwise interject "context" or immaterial facts; (4) includes specific citations to record evidence throughout, using exhibit numbers and page, page and line,

---

[2] For example, Plaintiff's response to Defendants' statement as to the job held by a Defendant was a full page. Nothing more than "Undisputed" would have been appropriate, as nothing in that page-long response disputed what Defendant asserted. (*See* P's 56.1 Resp. ¶ 5.) Similarly, Plaintiff's response to the statement that inmates were permitted to buy food in the commissary and receive approved food packages from visitors for consumption in their cells was four pages, and nothing in it disputed Defendants' statement. (*See id.* ¶ 164.)

[3] For example, it is wholly insufficient to state "See Complaint, Amended Complaint, Grievances, CORC Decision, Letter and written communication to Defendants and Exhibit-P Tripathy Deposition Transcript." (P's 56.1 Resp. ¶ 164.) The Court is not obligated to review hundreds of pages to guess as to what documents – let alone what pages within those documents – Plaintiff might be referring. *See Buck v. AT&T Servs., Inc.*, No. 08-CV-1619, 2010 WL 3169373, at *2 (D. Conn. Aug. 11, 2010).

or paragraph numbers as appropriate; and (5) uses paragraph indentations to ensure readability. The amended LR 56.1 Response must be submitted no later than June 12, 2024.

Plaintiff must understand that the Court will disregard any paragraph in his amended LR 56.1 Response that does not comply with this Order and the authorities citied within it, and that that will result in the Court deeming admitted the corresponding facts in Defendant's LR 56.1 Statement if they are properly supported by admissible evidence.  *See Melwani v. Lipton*, No. 17-CV-8308, 2022 WL 18956547, at *2 (S.D.N.Y. Aug. 4, 2022) (where plaintiff did not properly "dispute many of the factual assertions in the moving Defendants' 56.1 statement . . . the Court . . . considers any uncontroverted and properly supported portions of the Moving Defendants' 56.1 statement admitted."), *report and recommendation adopted*, 2023 WL 1991423 (S.D.N.Y. Feb. 14, 2023); *Manolis*, 2014 WL 642849, at *3 ("Because [plaintiff's] Rule 56.1 [submission] is substantially flawed, the material facts offered by Defendant in his 56.1 Statement are deemed admitted, to the extent that the evidence Defendant provides supports the propositions stated.").

**SO ORDERED.**

Dated: May 13, 2024
      White Plains, New York

                                                  _____
                                                  CATHY SEIBEL, U.S.D.J.