___

To: SDNY; US Courthouse, White Plains, NY 10601;
   **HON. Cathy Seibel**, US District Judge;

Cc: Office of the New York State Attorney General; New York, NY 10005;
   **Neil Shevlin**, Assistant AG (Attorney for Defendants);

From: **Sanjay Tripathy,** (ProSe Petitioner/Plaintiff), Morrisville, NC 27560;

Date: Monday, March 10th, 2025;

Subject: Case #21-cv-06584-CS (Tripathy v. McClowski et. al.); - MOTION FOR APPOINTMENT OF PRO BONO COUNSEL FOR TRIAL

**To the Honorable Judge Cathy Seibel:**

Plaintiff, [Sanjay Tripathy], appearing pro se, respectfully moves this Court for an order appointing pro bono counsel to assist him during the trial scheduled to commence on April 28, 2025.

## MEMORANDUM OF LAW

## I. INTRODUCTION

Plaintiff, appearing pro se, requests the Court to exercise its discretion and appoint pro bono counsel to assist him during the upcoming jury trial. Plaintiff is facing a complex trial against approximately fifteen (15) Defendants, all represented by the New York State Attorney General's Office, which possesses vast resources and expertise. Plaintiff has diligently represented himself throughout the pretrial proceedings but now faces the daunting task of conducting a trial against well-resourced adversaries.

## II. FACTUAL BACKGROUND

Plaintiff's claims arise from violation of RLUIPA and First Amendment - Free Exercise clause, against The State of New York/DOCCS and individual Defendants. The trial is scheduled to begin April 28, 2025. Plaintiff has been unable to secure private counsel due to severe financial constraints. Since July 2016, Plaintiff has been unemployed, and his savings have been depleted due to a wrongful conviction and subsequent incarceration. He is now reliant on family support.

Plaintiff recognizes that the appointment of pro bono counsel is within the Court's discretion. However, the complexity of this case, the disparity in resources between the parties, and the fundamental importance of ensuring a fair trial necessitate the Court's intervention.

## III. ARGUMENT

### A. The Court Has Discretion to Appoint Pro Bono Counsel Under 28 U.S.C. § 1915(e)(1).

28 U.S.C. § 1915(e)(1) authorizes federal courts to "request an attorney to represent any person unable to afford counsel." While there is no absolute right to counsel in civil cases, courts have recognized the importance of appointing counsel in appropriate circumstances.

### B. Factors Favoring Appointment of Pro Bono Counsel.

Courts in the Second Circuit consider several factors in determining whether to appoint pro bono counsel, including:

1. **Likelihood of Success on the Merits:** While Plaintiff believes he has a strong case, the Court need not determine the ultimate outcome.

2. **Complexity of the Legal Issues:** This case involves complex legal and factual issues, including complex specific legal issues, large numbers of Defendants and witness testimony, with large documents, constitutional claims, qualified immunity.

3. **Ability of the Pro Se Litigant to Represent Himself:** Plaintiff, though competent, lacks the experience and expertise necessary to effectively conduct a jury trial against experienced counsel.

4. **Ability of the Pro Se Litigant to Obtain Counsel:** Plaintiff has made diligent efforts to obtain counsel but has been unable to do so due to financial hardship.

5. **Whether the Presence of Counsel Would Aid in Efficient Presentation of the Case:** Counsel would significantly aid in jury selection, presenting evidence, conducting cross-examinations, and ensuring a fair trial.

- **Case Law:**
  - *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (setting forth factors for appointing counsel).
  - *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 86 F.2d 715 (2d Cir. 1989) (recognizing the Court's inherent power to appoint counsel).
  - *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) (discussing the court's discretionary power).

## C. The Disparity of Resources and Complexity of Trial.

Plaintiff faces a significant disadvantage against the well-funded and experienced attorneys from the New York State Attorney General's Office. The trial will involve complex legal arguments, witness examinations, and

evidentiary procedures. Plaintiff's lack of legal training and experience will severely hinder his ability to effectively present his case.

### D. Precedent in Similar Cases.

Plaintiff respectfully brings to the Court's attention that in one of Petitioner's *Case 19-cv-06614-FPG* in the Western District of New York, a case involving similar issues (laundry policy and proximity to Beef) regarding DOCCS policies, the Court appointed pro bono counsel to assist with discovery. This demonstrates the recognition of the need for legal assistance in cases involving DOCCS and the substantial resources of the State.

### E. Specific Request for Trial Assistance.

Plaintiff requests that the appointed counsel assist him specifically with:

- Jury selection.
- Direct examination of Plaintiff.
- Cross-examination of Defendants and other witnesses.
- Presenting legal arguments and objections during trial.

Plaintiff will complete all necessary pretrial requirements pro se.

### IV. CONCLUSION

Plaintiff respectfully requests that the Court exercise its discretion and appoint pro bono counsel to assist him during the trial. The appointment of counsel is essential to ensure a fair trial and the effective administration of justice.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion and appoint pro bono counsel to assist him during the trial.

Respectfully Submitted,
/s/ Sanjay Tripathy
Sanjay Tripathy
ProSe Petitioner/Plaintiff

*An innocent man, exonerated after 1651 days in illegal captivity, due to unconstitutional acts, religious persecutions perpetrated by The State of New York, and State Actors acting under the Color of Law;*

Having considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), the Court grants Plaintiff's motion for appointment of counsel to the extent that the Court will request volunteer counsel. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney decides to take the case, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will take the case, and in the meantime Plaintiff should continue to represent himself. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

The claims in this case arise from a state prisoner's allegations that he was denied a diet compliant with his Hindi religion. As set forth in the Court's September 20, 2024 bench ruling, the case is moving forward on Plaintiff's RLUIPA and First Amendment Free Exercise claims concerning the failure to offer him a diet compliant option prior to 12/6/21 as to Defendants Schneider, Dolan, Massey-Harris, Dash, Frost, Burnett, Fernandez, Olney, and Brandow and his First Amendment Free Exercise claim concerning proximity to inmates consuming beef in the mess hall as to Defendants Frost, Burnett, Dash, Schneider, Latona, Moffit, Fernandez, Olney, and Brandow.

SO ORDERED.

*Cathy Seibel*   3/11/25
CATHY SEIBEL, U.S.D.J.

# CERTIFICATE OF SERVICE

I, Sanjay Tripathy, hereby certify that on Monday, March 10th, 2025, I completed the following service:

1. I, electronically uploaded <u>Case #21-cv-06584-CS (Tripathy v. McClowski et. al.); - MOTION FOR APPOINTMENT OF PRO BONO COUNSEL FOR TRIAL</u> - to the Clerk of the United States District Court for the Southern District of New York (SNDY) using the Case Management/Electronic Case Files (CM/ECF) system.
2. Subsequently, through the CM/ECF system, an email link was generated and provided to all participants involved in this case, including Defense Counsel Neil Shevlin, Assistant Attorney General, New York State Office of the Attorney General.

This electronic service was accomplished in accordance with the established procedures for electronic filing and service within the Southern District of New York.

Respectfully Submitted,<br>
<i>/s/ Sanjay Tripathy</i><br>
Sanjay Tripathy<br>
ProSe Petitioner/Plaintiff

<u>An innocent man, exonerated after 1651 days in illegal captivity, due to unconstitutional acts, religious persecutions perpetrated by The State of New York, and State Actors acting under the Color of Law;</u>